IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FALLON FONG, ) | |
| ) | |
| Plaintiff, ) | No. 12 C 1934 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| CLIENT SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Fallon Fong filed a pro se three-count complaint alleging that defendant Client Services, Inc., a debt collection company, violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b et seq., the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Illinois Collection Agency Act, 225 ILCS 425/9 ("ICCA"). Defendant has moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6). For the following reasons, defendant's motion to dismiss is granted.

A Rule 12(b)(6) motion tests the sufficiency of the complaint, not the merits of the case. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). In evaluating a motion to dismiss, the court thus accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (citations omitted). To provide the defendant with "fair notice of what the claim is and the grounds upon which it rests," id. at 555, the complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). In addition, its allegations must plausibly suggest that the plaintiff has a right to relief and raise that possibility above the "speculative level." Twombly, 550 U.S. at 555, citing 5 C. Wright & A.

Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (explaining that Twombly's pleading principles apply in all civil actions).

This standard demands that a complaint allege more than "legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 556 U.S. at 679. Plaintiff, however, has done little more than that. The complaint's allegations for each of the three counts simply parrot the statutory text, which is insufficient. See Brooks v. Ross, 578 F.3d 574, 581 (7th Cir. 2009) ("We understand the Court in Iqbal to be admonishing those plaintiffs who merely parrot the statutory language of the claims that they are pleading (something that anyone could do, regardless of what may be prompting the lawsuit), rather than providing some specific facts to ground those legal claims, that they must do more.").

Nor does the complaint's five-paragraph "Factual Allegations" section save the complaint. Stripping this section of its bare legal conclusions, plaintiff has alleged as follows: In an attempt to collect a debt from plaintiff on behalf of Discover Financial Services, defendant initiated a credit pull on plaintiff's Experian credit report on December 15, 2009. On April 19, 2011, defendant sent plaintiff a collection letter. On May 2 of that year, plaintiff responded with a debt validation request, to which defendant failed to respond. These facts are irrelevant to plaintiff's ICCA and FDCPA claims, and undermine her attempts to allege a FCRA claim.

In opposing defendant's motion to dismiss, plaintiff argues that her allegation regarding defendant's failure to respond to her validation request indicates that defendant violated the three statutes she invokes because it shows that defendant "do[es] not have any entitlement of [sic] the debt." But even giving plaintiff's pro se complaint the liberal construction to which it is entitled,

see Kaba v. Stepp, 458 F.3d 678, 687 (7th Cir. 2006), this is not what the complaint alleges. Instead, its alleges only that defendant failed to respond to plaintiff's request, which is equally consistent with other, lawful explanations (for example, that defendant decided not to pursue the debt collection or that the debt was paid after plaintiff sent the verification request). See Brooks, 578 F.3d at 581-82 (finding that a complaint was insufficient when it was "just as consistent with lawful conduct as it [was] with wrongdoing").

Under the FDCPA, if a debtor requests verification within thirty days of receipt of the initial notice—as plaintiff alleges she did—the collector must "cease collection of the debt . . . until the debt collector obtains verification of the debt or a copy of the judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b). Plaintiff alleges that defendant failed to provide verification of the debt, but that itself is not an FDCPA violation—nothing in that statute requires a collector to respond to a written dispute if it chooses to abandon its collection effort. The provisions plaintiff cites prohibit a debt collector from falsely representing "the character, amount, or legal status of any debt," § 1692e(2)(A), and bar "collection of any amount [that is not] expressly authorized by the agreement creating the debt or permitted by law," § 1692f(1). None of the complaint's factual allegations concern either of these provisions. Plaintiff's theory (advanced in her response to defendant's motion, rather than in the complaint) that defendant's failure to respond necessarily means that defendant misrepresented the debt is simply too tenuous a basis on which to allow her FDCPA claim to stand.

Similarly, the complaint lacks factual allegations to support plaintiff's claim that defendant violated the ICCA by "[m]isrepresenting the amount of the claim or debt alleged to be owed." Other than plaintiff's failed attempt to link defendant's alleged failure to respond to the verification request, she has pled no facts that relate to defendant's having misrepresented the amount of the debt. This claim does not put defendant on notice of what the alleged misrepresentation was, and it does not plausibly suggest that plaintiff may be entitled to relief.

Plaintiff's FCRA claim is also insufficient, because plaintiff has included no factual allegations to show that defendant acted without a permissible purpose in accessing her Experian credit report. Rather, plaintiff simply includes a conclusory allegation that defendant accessed her credit report without a permissible purpose. Even if that allegation sufficed (which it does not), it is contradicted by the allegation that defendant "was attempting to collect a debt" from her. Attempting to collect a debt is a permissible purpose. 15 U.S.C. § 1681b(3)(A); see Phillips v. Grendahl, 312 F.3d 357, 366 (7th Cir. 2002). Thus, the complaint fails to state a claim under the FCRA.

For the foregoing reasons, defendant's motion to dismiss the complaint is granted and the case is dismissed without prejudice. Defendant's request for attorneys' fees is denied.

**ENTER:** **June 6, 2012**

_____
**Robert W. Gettleman**
**United States District Judge**

4